UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CLYDE TERRY, an individual, and ANNE TERRY, an individual, | |
| Plaintiffs, | 2:06-CV-1004-MCE GGH |
| v. | MEMORANDUM AND ORDER |
| THE TRAVELERS INDEMNITY COMPANY of CONNECTICUT, a Corporation; and KENNEL PAK, a Corporation; and GENTZLER & SMITH ASSOCIATES, a Corporation, | |
| Defendants. | |

----oo0oo----

Through the present Motion, Plaintiffs Clyde Terry and Anne Terry ("Plaintiffs") seek to remand this action to the Superior Court of California for the County of Solano on the ground that the Travelers Indemnity Company of Connecticut, Kennel Pak, and Gentzler & Smith Associates' ("Defendants") removal of this action is untimely.

1

For the reasons set forth below, Plaintiffs' Motion to Remand is denied.[1]

## BACKGROUND

On March 27, 2006, Plaintiffs commenced an action in the Superior Court alleging breach of contract, negligence, negligent misrepresentation, fraud, and bad faith. On March 30, 2006, a Summons and Complaint were deposited in the United States mail, first class postage pre-paid, to each Defendant together with a Notice and Acknowledgment of Receipt ("Acknowledgment"). Dwyer Decl., ¶ 3. While all Defendants confirm they received Plaintiffs' Summons and Complaint, none of the Defendants signed or returned the Acknowledgment. Echeguren Decl., ¶ 3; Bickel Decl., ¶ 2. On May 8, 2006, Gentzler & Smith and Kennel Pak filed a Notice of Removal. Defendant Travelers Indemnity Company of Connecticut joined in that removal. Plaintiffs then filed the present Motion to Remand.

## STANDARD

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1 Generally, district courts have original jurisdiction over civil
2 actions in two instances: (1) where there is complete diversity
3 between the parties, or (2) where a federal question is presented
4 in an action arising under the Constitution, federal law, or
5 treaty.  28 U.S.C. §§ 1331 and 1332.
6      The removing party bears the burden of establishing federal
7 jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389,
8 1393 (9th Cir. 1988).  Furthermore, courts construe the removal
9 statute strictly against removal. *Shamrock Oil & Gas Corp. v.
10 Sheets*, 313 U.S. 100, 108 (1941); *Gaus v. Miles, Inc.*, 980 F.2d
11 564, 566 (9th Cir. 1992) (citations omitted).  If there is any
12 doubt as to the right of removal in the first instance, remand
13 must be granted. *See Gaus*, 980 F.2d at 566.  Therefore, if it
14 appears before final judgment that a district court lacks subject
15 matter jurisdiction, the case shall be remanded to state court.
16 28 U.S.C. § 1447(c).
17      Pursuant to 28 U.S.C. § 1446(b), a defendant may remove any
18 civil action by filing a notice of removal "within thirty days
19 after the receipt by the defendant, through service or otherwise,
20 of a copy of the initial pleading."  The United States Supreme
21 Court has clarified that mere receipt of a Summons and Complaint
22 unattended by any formal service is insufficient to trigger the
23 thirty day removal period. *Murphy Bros., Inc., v. Michetti Pipe
24 Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  Service can be
25 made pursuant to the law of the state in which the district court
26 is located, the law of the state in which service is effected, or
27 under federal law. Fed. R. Civ. P. 4(h)(1).
28 ///

**ANALYSIS**

Plaintiffs' salient contention is that Defendants' removal was untimely because it was filed more than thirty days after receipt of the Summons and Complaint in the present action. Defendants essentially concede the foregoing but aver that the Notice of Removal was nonetheless timely because the Summons and Complaint were not attended by effective process as required under *Murphy*. This lack of process, they contend, precludes the running of the thirty day removal period rendering the removal in this action timely. The Court agrees.

Following *Murphy Brothers*, numerous courts have recognized that the relevant date for gauging timeliness of removal is the date on which proper service was effected.[2] *See Big B Auto. Warehouse Distribs., Inc. v. Cooperative Computing, Inc.*, 2000 U.S. Dist. LEXIS 16363 (D. Cal. 2000); *see also Brown v. Bristol-Myers Squibb Co.*, 2002 U.S. Dist. LEXIS 27445 (D. Miss. 2002). Thus, it is not enough for Plaintiffs to show that Defendants actually received a copy of the complaint by a particular date. Rather, Plaintiffs must demonstrate compliance with the requirements of service. *Big B Auto. Warehouse Distribs., Inc.*, 2000 U.S. Dist. LEXIS 16363.

---

[2] *See e.g. Mauldin v. Blackhawk Area Credit Union*, 2002 U.S. Dist. LEXIS 143, No. 01 C 50221, 2002 WL 23830, *1 (N.D. Ill. 2002)(holding that "the thirty-day removal technically never really began" since the defendant was not properly served with process, "meaning [the defendant's] notice of removal was timely"); *Heredia v. Transp. S.A.S., Inc.*, 101 F. Supp. 2d 158, 160 (S.D.N.Y. 2000) ("Once a defendant receives a copy of the initial pleading--in this case, the summons and complaint--the thirty-day period for filing notice of removal is triggered, provided that service of the initial pleading is proper.").

4

1    California's general service by mail statute provides: "A
2 copy of the summons and of the complaint shall be mailed (by
3 first-class mail or airmail, postage prepaid) to the person to be
4 served, together with two copies of the notice and acknowledgment
5 provided for in subdivision (b) and a return envelope, postage
6 prepaid, addressed to the sender." Cal. Civ. Proc. § 415.30(a).
7 Service by mail under Cal. Civ. Proc. § 415.30 is effective when
8 written acknowledgment of receipt of the summons is returned to
9 the sender, and the date of service is the date the
10 acknowledgment is executed. Cal. Civ. Proc. § 415.30(c).
11    Plaintiffs appear to have attempted to serve Defendants
12 pursuant to § 415.30.  It is undisputed that Plaintiffs complied
13 with the service requirements of § 415.30, however, service was
14 never completed because Defendants did not sign or return the
15 Acknowledgment.  Cal. Civ. Proc. § 415.30(c).  Accordingly, the
16 mailing of the Summons and Complaint on March 30, 2006, did not
17 trigger the thirty day removal period.
18    Having given due weight to the fact that the federal removal
19 statutes are strictly construed against removal jurisdiction, the
20 Court finds that proper service was not effected rendering
21 Defendants' removal timely.  Accordingly, remand is not warranted
22 in the present action.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand is denied.

IT IS SO ORDERED.

DATED: August 14, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE